**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:06CR176-C**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ANTOINE RYAN MORGAN,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on receipt of a Forensic Report from the Federal Medical Center in Lexington, Kentucky dated February 21, 2007. The Report indicates that the Defendant "became acutely psychotic" during the course of his evaluation, preventing the administration of testing necessary to determine his competency pursuant to 18 U.S.C. §§ 4241(b) and 4242. The evaluator (Karen Milliner, Psy. D.) concluded that the Defendant <u>is</u> currently suffering from a mental disease or defect rendering him mentally incompetent to proceed, but also that there is substantial probability that he could be restored to competency if committed for treatment pursuant to 18 U.S.C. § 4241(d).

Counsel for the Defendant (Peter Adolf) and for the Government (Kevin Zolot) both concurred regarding the need for continued treatment and evaluation at a hearing conducted by the undersigned on March 20, 2007.

**NOW THEREFORE, IT IS ORDERED:**

1. The Defendant is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for treatment in a suitable facility and for further evaluation to determine whether the Defendant can attain, or has attained, competency to proceed.

2. The custodial treatment and evaluation described above shall be "for a reasonable time,

not to exceed four months," as provided in 18 U.S.C. § 4241(d)(1); and "for an additional reasonable period of time" if the evaluator(s) conclude at the end of said period that the Defendant has not yet attained competency but there is "a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed," as provided by § 4241(d)(2)(A).

      3. The Court makes a nonbinding recommendation that the treatment/evaluation be conducted at FCI Butner, for two reasons: (a) the Defendant's family, including his mother (who was present at the March 20, 2007 hearing), would like to be able to visit him; and (b) the Defendant is frightened of flying, which would be necessary were the treatment/evaluation conducted at a more remote facility.

      4. The Clerk is directed to send copies of this Order to defense counsel (Peter Adolf); the U.S. Attorney's Office (Kevin Zolot); the U.S. Marshal; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

      Signed: March 20, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge